D. H. DAVE, Inc., Frank E. Freeman, Inc., Kane Associates, Inc., and Fidelity and Casualty Company of New York, Appellants,

.v.

DELIA PLASTERING COMPANY, Ltd., Joe Delia, Sam Delia, and Charlie Delia, Appellees.

No. 12891.

United States Court of Appeals Sixth Circuit.

April 30, 1957.

James C. Davis, Cleveland, Ohio, Squire, Sanders & Dempsey, Cleveland, Ohio, on brief, for appellants.

E. M. Rose and John H. Brigleb, Cleveland, Ohio, for appellees.

Emanuel M. Rose and John H. Brigleb, Cleveland, Ohio, on brief, for appellee Delia Plastering Co., Ltd.

George Mayer, Cleveland, Ohio, on brief, for appellee Maryland Casualty Co.

Before SIMONS, Chief Judge, and ALLEN and STEWART, Circuit Judges.

PER CURIAM.

Appellees, plastering subcontractors, brought this action against appellants, the prime contractors on a government project, for breach of contract and under the Miller Act, 40 U.S.C.A. §§ 270a–270d, for materials and labor supplied. The district court awarded judgment to the appellees upon a finding that appellants had wrongfully prevented the appellees' performance of a subcontract and had failed to compensate appellees for extra work and materials furnished over

and above that called for in the subcontract. This appeal followed.

■ While there was a sharp conflict in the evidence, it does not appear that the district court's findings are clearly erroneous. The subcontract provided that all work under it had to be performed to the satisfaction of the appellants and the government. Appellants attempted to justify their termination of the subcontract on the ground that the work was not being performed to their satisfaction, but the district court held that this assertion was not made in good faith. Although we refrain from adopting all the subsidiary inferences drawn by the district judge in his oral opinion, a review of the conflicting evidence leaves us unconvinced that his ultimate finding on the issue of bad faith was incorrect.

Appellants now contend that in holding that the appellees were wrongfully prevented from completing the subcontract, the court necessarily found that the government had also acted in bad faith, and that this finding was erroneous because there was undisputed evidence that the government inspector was dissatisfied with the way work was progressing on the job where the appellees were employed. But the district court found that the delay in appellees' work and the conditions of which the government inspector complained resulted from faulty work performed by a masonry subcontractor prior to the employment of appellees, in other words that the government's dissatisfaction related to the progress of work on the job as a whole and not to the work performed by the appellees.

■ The subcontract provided that the appellees were not required to perform any extra work on the job until they received a confirming order for such work from the general contractor. While the appellants did give the appellees general authorization to perform all extra work necessary to correct the deficiencies of prior subcontractors, the district court found that the appellants arbitrarily refused to agree to pay appellees reasonable compensation for it.

Under these circumstances the district court's conclusion that the arbitration clause in the subcontract did not come into operation was not erroneous.

■ The appellants contend that the district court was in error in awarding judgment for the value of the extra work done by the appellees in the absence of proof that they could have completed the regular work called for by the subcontract at a profit. The appellants rely for this position upon the rule in Ohio that recovery in *quantum meruit* will not be granted when the plaintiff would have lost more by fully performing at the contract price than by not performing. Cleveland Co. v. Standard Amusement Co., 1921, 103 Ohio St. 382, 133 N.E. 615; Wellston Coal Co. v. Franklin Paper Co., 1897, 57 Ohio St. 182, 48 N.E. 888. See Allen, Heaton & McDonald, Inc., v. Castle Farm Amusement Co., 1949, 151 Ohio St. 522, 86 N.E.2d 782. That rule, however, has no application where, as here, recovery is sought for work done over and above that called for by the contract. Compare Cleveland Co. v. Standard Amusement Co., supra.

The judgment is affirmed.